UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK EKWEM, Plaintiff

v.  Case No. 5:08-cv-350-Oc-GRJ

CREATIVE CONCEPTS LEARNING
FACILITY, INC and
KARENA MABRY,

                Defendants

## ORDER

Pending before the Court is Defendants' Motion for Summary Judgment. (Doc. 24.) Plaintiff has filed a Response In Opposition (Doc. 26) and thus this matter is ripe for review. For the reasons discussed below, Defendants' Motion For Summary Judgment is due to be **DENIED**.

## I. INTRODUCTION

This case involves claims brought by Plaintiff Mark Ekwem against Defendants Creative Concepts Learning Facility and Karena Mabry ("Defendants") for violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. and for recovery of unpaid wages. Ekwem, alleges that he worked for Creative Concepts as a "behavior technician" from April, 2003 until March, 2007. Although the type of facility where Plaintiff worked is not entirely clear from Plaintiff's affidavit, Karena Mabry avers in her affidavit that Creative Concepts ran a nursing home for mentally disabled adults located in Lake County Florida, which she owned. Plaintiff avers in his affidavit the services he performed were typically in the client's home.

Defendants contend they are entitled to summary judgment because the services Ekwen provided were exempt from the overtime provisions of the FLSA under the companionship services exemption. Secondly, Defendants contend Plaintiff is not entitled to recover any unpaid wages because Plaintiff was paid for all work performed.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the non-moving party.[1] As the Supreme Court held in *Celotex Corp. v. Catrett*,[2] the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."[3] The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

---

[1] See Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

[2] 477 U.S. 317 (1986).

[3] Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987).

2

## III. DISCUSSION

Before addressing whether the companionship services exemption applies, the Court must address Plaintiff's contention that Defendants waived their right to assert the companionship services exemption because the exemption is an affirmative defense that must be raised in the answer.

Rule 8(c) of the Federal Rules of Civil Procedure requires that in responding to a pleading, a party must affirmatively state any affirmative defense. While the Rule requires that a party raise affirmative defenses in the answer, the failure to do so, as here, is not a waiver where "a plaintiff receives notice of the affirmative defense by some means other than pleadings."[4] There is no waiver because there is no prejudice to the plaintiff where notice of the defense is provided.[5]

In this case, the Plaintiff received notice that Defendants were raising the companionship exemption as a defense in late February, 2010 in response to Plaintiff's request for admissions. In paragraph 10 of Defendants' response (Doc. 21), Defendants expressly denied that Ekwen was covered by the FLSA and asserted that "[H]e [Ekwen] was exempted as a companion from time and a half." The exemption was then raised in the instant motion for summary judgment. Thus, Plaintiff was on notice of the defense in sufficient time to respond. Moreover, Plaintiff has not suggested that he suffered any prejudice as a result of Defendants' failure to raise the exemption

---

[4] Grant v. Preferred Research, Inc., 885 F2d 795, 797 (11th Cir. 1989).

[5] Id., quoting Hassan v. U.S. Postal Service, 842 F.2d 260, 263 (11th Cir. 1988).

as an affirmative defense in Defendants' answer. Accordingly, the Court concludes that the Defendants did not waive their right to assert the exemption as a defense.

Having determined that Defendants did not waive the right to raise the exemption as a defense, the Court will determine whether the Defendants have established that there are no material issues of fact with regard to the exemption and if so whether the Defendants are entitled to judgment as a matter of law on the defense.

Pursuant to 29 U.S.C. § 213 certain categories of employees are exempt from the FLSA's minimum and overtime pay requirements. Included as an exempt employee is "[a]ny employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary). [6] Because "domestic service employment" is not defined in the statute the Court must look to the regulations, which in relevant part define "domestic service" as "services of a household nature performed by an employee in or about a private home (permanent or temporary) of the person by whom he or she is employed ..."[7] Thus, to be considered a domestic service employee under the exemption the services must be performed in or about a private home.

Secondly, the services must be considered companionship services. Because the statute does not define companionship services the Court will again look to the regulations for guidance. Pursuant to 29 C.F.R. § 552.6 "the term companionship

---

[6] 29 U.S.C. § 213(a)(15).

[7] 29 C.F.R. 552.3.

services shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity cannot care for his or her own needs." The regulation goes on to provide that "Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes ... [and] may include the performance of general household work: Provided, however, That such work ... does not exceed 20 percent of the total weekly hours worked." *Id.* Therefore, to qualify for the exemption the employee must have performed the work in a "private home" and any household work performed must not exceed 20 percent of the total weekly hours worked.

The Court concludes there are genuine issue of material fact both as to whether the services were performed in a private home and whether Plaintiff performed household services less than 20 percent of the total weekly hours worked. The Court will discuss each of these issues in turn.

Turning first to the issue of whether the services were performed in a private home, Courts have utilized a number of factors in determining whether nontraditional housing, such as group housing, is a "private home". These factors include: (1) the source of the home's funding, the public's access to the home, the profit or non profit status of the organization, and the size of the organization;[8] (2) who rented the property, who had access to the property and who paid the rent;[9] and (3) the residents'

---

[8] Bowler v. Deseret Village Assoc., Inc, 922 P.2d.8, 13-14 (Utah 1996).

[9] Terwilliger v. Homes of Hope, Inc., 21 F.Supp.2d 1294, 1300 (N.D. Okla.1998).

5

possessory interest in the home, the residents' control of access to their homes, and the residents' ability to determine their day to day conduct.[10]

The affidavits filed by the parties fail to provide much, if any, insight into the nature of the facility where Plaintiff worked. In her affidavit, Defendant Mabry refers to Creative Concepts as a "nursing home," a characterization which may weigh against her argument that the Plaintiff's companion services were provided in a private home.[11] Plaintiff Ekwem, in his affidavit, states that the services he provided were "typically in the client's home," a position which curiously would support the Defendant's position.[12] Accordingly, because the parties dispute the very nature of the facility where Plaintiff worked and there is insufficient evidence to determine whether the group housing facility qualifies as a private home, the Court concludes that there are genuine material issues of fact as to whether the companionship exemption applies. Therefore, the Defendants are not entitled to summary judgment with regard to their argument that they are exempt from the overtime claims based upon the companionship exemption.

In addition to the factual dispute as to whether Plaintiff performed services within a private home, there are genuine material issues of fact as to whether more than 20 percent of Plaintiff's total work week involved performing household work. In their affidavits, Defendant Mabry, and two of Ekwem's coworkers, describe Ekwem's job duties as sitting in the home overnight and being available to assist in the event of an emergency. To the extent that these were the only services performed by Ekwen, the

---

[10] Madison v. Resources for Human Development, Inc., 233 F.3d 175, 183-184 (3rd Cir. 2000).

[11] Doc. 24, p. 6, ¶ 2.

[12] Doc. 32, p. 2, ¶10(I), Affidavit of Mark Ekwem.

nature of the services would seem to fit within the companionship exemption. Ekwem, on the other hand, avers in his affidavit that his "duties were not consistent with those of a companion," and argues in his response that he "did other non-companionship duties for greater than 20% of [his] time."[13] Therefore, there is very real dispute between the parties as to what services Plaintiff performed and more importantly whether Plaintiff performed household services more than 20 percent of his time. Accordingly, because there is a factual dispute as to these issues Defendants are not entitled to summary judgment.

Defendants also request summary judgment on Plaintiff's claim that he is owed unpaid wages as alleged in count II of Plaintiff's Complaint. On this issue, as well, there are disputed issues of fact.

Plaintiff alleges that the parties entered into an employment agreement in April of 2003,[14] that he fulfilled his duties, and that Defendants have not paid him in full. In his affidavit he avers that "upon the end of my time worked, I was owed 80 hours of regular pay at a rate of $8.00."[15]

Defendant Mabry, on the other hand, avers that on March 25, 2007, she "[p]aid him [Ekwem] all of this money, under protest, in order to settle all claims that he was

---

[13] Doc. 26, p.2, ¶2. Plaintiff also confuses the issue somewhat by asserting that "Ekwen's primary duties ... consisted of a variety of task[s], including spending more than 20% of total weekly hours doing *something other than* completing general household services." *Id.* p 4, ¶ 2. Whether this means that Plaintiff spent more than 20 percent of his total weekly hours performing household work or more than 20 percent of his time doing something else is less than clear.

[14] While Plaintiff refers to the Employment Agreement as Exhibit 1 to the Complaint, there is no exhibit attached to the complaint.

[15] Doc. 32, ¶ 7.

making against me for back wages. At that point, I had paid Mark Ekwen not only for what he actually worked, but also for what he claimed ... "[16] Thus, material issues of fact remain for resolution by the trier of as to whether the Plaintiff is owed unpaid wages and if so the amount of any unpaid wages.

Accordingly, for all of these reasons, Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida this 14th day of June, 2010.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Copies to:

    Counsel of record

---

[16] Doc. 24, ¶19.