UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK EKWEM,

    Plaintiff,

v.                                                          Case No. 5:08-cv-350-Oc-TBS

CREATIVE CONCEPTS LEARNING
FACILITY, INC. and KARENA MABRY,

    Defendants.
_____

## ORDER

Pending before the Court is the parties' joint Notice of Voluntary Dismissal. (Doc. 41) On August 25, 2008, Plaintiff, Mark Ekwem filed an action in federal court against his former employers Defendants, Creative Concepts Learning Facility, Inc. and Karena Mabry for unpaid overtime compensation, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.[1] (Doc. 1) The parties have now advised the Court that they "have settled all claims and satisfied all claims brought in this lawsuit." (Doc. 41 ¶ 1) The parties seek dismissal of the action pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii),[2] which states that "the plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared."

A review of the record reveals that on June 28, 2010–upon notice that the parties had reached a settlement–this Court instructed the parties to file:

---

[1] Plaintiff also re-asserted his allegations in support of an ancillary claim for breach of an employment agreement. (Doc. 1 ¶¶ 14-18)

[2] In the Notice, the parties refer to "Rule 41 of the Rules of Civil Procedure A(ii)" and "Rule of Civ. Proc. 41 A(ii)," however, these references appear to be scrivener's errors with the intent being to reference Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

> [E]ither a joint statement stating that Plaintiff received full compensation on the FLSA claim and no compromise of the Plaintiff's claim (including any claim for liquidated damages, costs and attorney's fees under 29 U.S.C. § 216(b)) was involved or a joint motion to approve [the] settlement.

(Doc. 40 at 1) Upon consideration and review of the Notice, the Court finds that the parties' have failed to comply with the Court's instructions.

The parties are reminded that in the Eleventh Circuit, an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

Upon consideration of the foregoing, the Court hereby grants the parties leave to file either a joint statement stating that Plaintiff received full compensation on the FLSA claim, without compromise, or a joint motion to approve a settlement agreement, on or before March 1, 2012.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on February 16, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel