UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK EKWEM       Case No.: 5:08-cv-350
    PLAINTIFF,

v.

CREATIVE CONCEPTS LEARNING
FACILITY, INC. and KARENA MABRY,
    DEFENDANT(s).
_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Mark Ekwem ("Plaintiff"), and Defendants Creative Concepts Learning Facility, Inc, and Karena Mabry (collectively "the parties"), jointly request that this Court approve the terms of the Parties' settlement of the above captioned matter and dismiss this case with prejudice and in support thereof state:

#### I. Legal Principles

Pursuant to the case law regarding settlement of Fair Labor Standards Act ("FLSA") claims, there are two (2) ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; see also *Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In

1

detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against her former employer, which was adversarial in nature.

Plaintiff, who worked for Defendants as a nurse's aide , filed suit against Defendants seeking recovery of regular and overtime wages. If Plaintiff is correct in his allegations that Defendants owed him these monies, he would be entitled to $2,000.00 in wages, and an equal amount in liquidated damages. Plaintiff based these damage figures on his recollection of the hours worked, paystubs, and available time cards. Defendants deny that Plaintiff is owed any wages and allege that Plaintiff was exempt from overtime, and deny that they are even subject to the terms of the FLSA.

The Parties agree that the instant action involves disputed issues. The Parties further agree that the settlement negotiated and reached by the Parties reflects a fair resolution of the disputed issues. The Parties conducted discovery and were preparing for trial when the agreement was reached. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations and each party agrees this settlement is a fair and reasonable compromise of an FLSA claim.

## II. Terms of Settlement

### A. Plaintiff's Recovery

Plaintiff, Mark Ekwem, has agreed to accept a total of $4,000.00 as payment for his FLSA claims. Plaintiff and his counsel discussed the legal and factual issues he faced and discussed his likelihood of succeeding at trial. After analyzing these issues and exchanging several offers to settle, Plaintiff ultimately accepted $4,000.00 as payment for her FLSA claims.

Defendants, even with their defenses to this action, agreed to pay this amount to avoid the expense and uncertainty of trial. The defense contested the plaintiff's damage figure and argued they could impeach many of plaintiff's overtime claims. After discussions with defendants, the defendants decided they would rather settle than go to trial.

### B. Attorney's Fees/Costs.

Plaintiff's counsel will receive $4,000.00 in attorney's fees and in costs, including filing fees and private process server fees. The Parties have agreed this is a reasonable fee under the circumstances of this case, and was negotiated separately from Plaintiff's recovery and without regard to the amount of Plaintiff's recovery. See *Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

## III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Dated this 2nd day of April, 2012.

/s/ Eric D. Frommer
Eric D. Frommer, Esq.
Florida Bar No.: 23163
Fisher & Frommer, PLLC
250 International Parkway, Ste 260
Lake Mary, Florida 32746
Telephone: 407-829-3290
Facsimile: 407-829-3294

/s/ Ed Ivy
Edwin Ivy, Esq.
Florida Bar No.: 0273643
PO Box 3223
Orlando, FL 32802
Telephone: 407-841-2500
edivy@bellsouth.net